Elizabeth Ann FEIL and Marilyn Ada
Feil, by Frank Feil, Jr., their next
of friend, Plaintiffs,

v.

John W. GARDNER, Secretary of Health,
Education and Welfare, Defendant.

No. 67–C–47.

United States District Court
E. D. Wisconsin.

Feb. 8, 1968.

Frank Feil, Jr., of Morrissey & Feil,
Racine, Wis., for plaintiffs.

James B. Brennan, U. S. Atty., by
Thomas E. Weil, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION

GRUBB, Senior District Judge.

The parties have submitted this action
for review of the final decision of the

Secretary of Health, Education and Welfare, denying child benefits to the plaintiffs on the social security account of their deceased mother, Ada Feil, on cross motions for summary judgment and oral argument thereon. The children appear by their father, Frank Feil, Jr., as next of friend.

Eligibility for benefts under the Act rests on Section 402(d), Title 42 U.S.C.A., whereunder plaintiffs would qualify if their mother had been currently or fully insured under the Act at the time of her death.[1] The status of current insurance, under Section 414, is met by a person having coverage of a minimum of six calendar quarters in which the individual was paid $50 or more in wages. Wages are remuneration paid for employment, under Section 409, and the status of employment as defined in Section 410(a) and (j) is dependent upon the existence of the common law relation of employer and employee.

The application for benefits in this case was denied after hearing for the reason that plaintiffs' mother did not have insured status at the time of her death, based on findings that she was not an employee and was not paid the claimed compensation during the years in question. The issue before the court is whether or not the determination of the Secretary has substantial support in the record. Section 405(g), Title 42 U.S.C.A.; Carqueville v. Flemming, 263 F.2d 875, 877 (7th Cir. 1959).

Ada Feil died in November 1963. In the three years preceding her death she had assisted in the preparation of income tax returns of clients of the law firm of Morrissey & Feil, Racine, Wisconsin, in which her husband, Frank Feil, was a partner. There was testimony on behalf of plaintiffs that the work was performed in her home; that she kept record of the time spent on it; that she was subject to the control and supervision of the partnership and that she was compensated for the work by the partnership at the agreed-upon rate of $2.00 per hour. The manner of compensation was described as follows: Amounts due to her from the partnership were credited to Frank Feil's partnership drawing account. He transferred the funds to the personal joint bank account of Frank and Ada Feil. Actual disbursement to Ada Feil was at random intervals after collection of the accounts created by her services and was either by cash from the husband or by Ada Feil's periodic withdrawals from the couple's joint bank account.

There is no contemporaneous documentary evidence of Ada Feil's status as an employee of the partnership or of the fact and amount of partnership payments of wages to her. The partnership did not carry her on its records as an employee and did not report or pay current F.I.C.A. taxes with respect to the claimed wages during the years in question. Further, payment of wages to Ada Feil, unlike those to other employees, were not reflected on the partnership income tax returns. Any records she may have kept of her hours of employment were not available.

Plaintiffs offer various explanations for the failure of the purported employer, that is, the law partnership, to have kept contemporaneous records reflecting employment status and payments of wages to Ada Feil. Frank Feil testified that she was not paid directly by the partnership because of a secretarial problem which necessitated a simplified bookkeeping procedure and, further, because of advice secured from the Social Security Administration to the effect that Ada Feil, as the wife of a partner, could not be an employee of the partnership for social security purposes. He stated that he also relied on this erroneous advice when making application for benefits in December of 1963 wherein he stated

[1]. The effect of recently enacted amendments to the Social Security Act, 81 STAT. 821 et seq., Pub.Law 90–248, January 2, 1968, on plaintiffs' future eligibility for benefits is not material to the case arising out of applications filed prior to the effective date of the new law.

that his wife had not been employed and did not have previous earnings. However, two months after her death and after the partnership obtained information that the partners' wives qualified as employees for social security purposes, late corrected F.I.C.A. returns were filed, showing earnings of Ada Feil for the first two quarters of each of the years 1961, 1962, and 1963 in the total amounts of $133, $156, and $179, respectively.

If it is assumed that the record supports a finding that Ada Feil performed valuable services and that her relationship with the partnership of Morrissey & Feil showed indicia of a common law employer-employee relation, the fact of employee status per se would not establish that the deceased was currently insured at the time of death under the Social Security Act since this depends on a showing that such an employee had wages of a certain amount and during specified periods of time, as required by Section 414, Title 42 U.S.C.A.

After careful review of the entire record before the Hearing Examiner, the court is of the opinion that plaintiffs have failed to meet their burden of showing eligibility for the claimed benefits. The explanation of the exigencies giving rise to the total failure to offer contemporaneous documentary proof corroborating the testimony concerning the fact and amount of wage payments by the partnership is not satisfactory. Bookkeeping problems apparently did not prevent the keeping of records concerning other employees. And, while the erroneous advice concerning the social security eligibility of Ada Feil might have explained the failure to report and pay F.I.C.A. taxes, in no event would this justify a misstatement of fact on the initial application for benefits or the keeping of books or filing of tax returns that did not accurately reflect the affairs of the partnership regardless whether or not the partners' liability for taxes was affected thereby.

Further, statements to correct information filed after the death of Ada Feil apparently do not reflect an accurate ac-counting of wage payments by the partnership. The identical wages shown for each of the quarters of each year in question appear to be approximate reconstructions of payments as they would have worked out according to Frank Feil's recollection. No records of cash payments from Frank Feil to his wife were kept by anyone. And there is no indication that the checks Ada drew on the joint account of the couple were for wages or for other purposes. Occasional gifts by Ada Feil to her friends which in Frank Feil's opinion were not warranted as donations from the couple do not show that she received and treated as her own funds the total remuneration purportedly paid by the partnership.

■ No estoppel of the government arises from the erroneous advice that Frank Feil, an attorney, or the law partnership purportedly received from an employee of the Social Security agency. The circumstances warranting an exception to the general rule that estoppel does not lie against the government which were present in Schuster v. Commissioner of Internal Revenue, 312 F.2d 311 (9th Cir. 1962), are not encountered in the instant case. In *Schuster*, the Commissioner, after audit of a tax return, made an erroneous determination as to the taxability of certain trust property on which taxpayer relied in distributing the property. The Tax Court expressly found the reliance reasonable. There can be no reasonable reliance where a law partnership acts on the false impression of the law conveyed by a clerk in the Social Security office. That the detriment of reliance was incurred by the minor children in this case does not alter the rule on estoppel. They are bound by the conduct of the persons who acted on their behalf even though at that time their interest in the covered status of their mother may not have been in the mind of the parties.

■■ The record as a whole, particularly the entire lack of contemporaneous proof of the wage earnings of Ada Feil, even when considered in light of the explanations offered for this omission, sup-

ports the inference drawn by the Secretary that the deceased mother of the plaintiffs did not earn the requisite wages as an employee of the partnership and that she was, therefore, not currently insured at the time of her death. The finality accorded to the administrative findings extends as well to inferences from the evidence having a substantial basis in the record, Carqueville v. Flemming, 263 F.2d 875, 877 (7th Cir. 1959). The final decision of the Secretary must be affirmed by grant of the government's motion for summary judgment and denial of the motion for summary judgment of the plaintiffs. Counsel for the government is hereby directed to prepare an order in accordance with this opinion, submitting the same for the approval of counsel for plaintiffs as to form only.