572 F.2d 697
 Steven E. JOHNSON, a minor, by his guardian ad litem, Gordon
C. Johnson, Plaintiff-Appellant,
v.
The UNITED STATES of America and Casper Weinberger,
Secretary of Health, Education and Welfare,
Defendants-Appellees.
 No. 76-1802.
 United States Court of Appeals,
Ninth Circuit.
 March 28, 1978.
 
 R. G. Schimanski (argued), of Schimanski & Leeds, Spokane, Wash., for plaintiff-appellant.
 James B. Crum, Asst. U. S. Atty. (argued), Spokane, Wash., for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of Washington.
 Before ANDERSON and HUG, Circuit Judges, and MUECKE,* District Judge.
 J. BLAINE ANDERSON, Circuit Judge:
 
 
 1
 The central issue on appeal is whether filing is a substantive condition to receiving benefits under the Social Security Act when the applicant is a minor seeking retroactive benefits. We hold it is and affirm the district court's grant of summary judgment upholding the Secretary's denial of retroactive benefits beyond one year.
 
 
 2
 In July 1957, Richard and Patricia Potts were in the process of adopting appellant, then an infant, when the wage earner, Mr. Potts, died. In August 1957, Mrs. Potts completed the adoption. At the same time, she applied for and later received Lump Sum Death Benefits under the Social Security Act. A claim was not filed on appellant's behalf.
 
 
 3
 Fifteen years later appellant filed for and was granted Child Survivorship Benefits. Since 1958, when Congress amended the Act, appellant has been eligible for monthly benefits, but pursuant to 42 U.S.C. § 402(j)(1),[1] benefits were paid retroactively for only 12 months.
 
 
 4
 Appellant first contends he had a vested interest in the benefits which could not be divested by failing to file. This contention ignores the explicit language of § 402 which makes filing a condition of entitlement.[2] Other courts have consistently held that a potential beneficiary's interest in the fund is not an accrued property right. Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960); Guarino v. Celebrezze, 336 F.2d 336, 338 (3d Cir. 1964). And we agree: filing is a substantive condition of eligibility. Clark v. Celebrezze, 344 F.2d 479, 481 (1st Cir. 1965); Bender v. Celebrezze, 332 F.2d 113, 115 (7th Cir. 1964). Congressional intent is unmistakable: § 402(j)(1) explicitly limits retroactive benefits to one year prior to filing. See Ewing v. Risher, 176 F.2d 641 (10th Cir. 1949) (construing § 402(h) which provided for retroactive payments for three months and which was amended and redesignated § 402(j) in 1950).
 
 
 5
 Incapacity does not excuse failure to file. See Coy v. Folsom,228 F.2d 276, 278-79 (3d Cir. 1955) (mental incompetence); cf. Stanton v. Weinberger, 502 F.2d 315 (10th Cir. 1974) (applies rule, by implication, to minor child). Though this conclusion may seem harsh, we must follow the plain mandate of Congress when, as here, it is acting within its powers to prescribe conditions and limitations as a means of preserving the fiscal integrity of the fund. See Flemming v. Nestor, 363 U.S. at 611-12, 80 S.Ct. 1367; cf. Stanton v. Weinberger, 502 F.2d at 320 (nondiscriminatory, rational classifications are a valid means of furthering government's legitimate interest in fund's integrity); Ewing v. Risher, 176 F.2d at 644 (Congress may define and restrict statutory rights by imposing time limits).
 
 
 6
 Appellant also contends an estoppel arises because Social Security Administration employees prepared the documents for Mrs. Potts and were aware of the child's status. Whatever merit this argument may have in the abstract,[3] it is here inappropriate since the amendments which made appellant eligible for benefits were passed a year after Mrs. Potts filed. Cf. Kurz v. Celebrezze, 225 F.Supp. 528 (E.D.N.Y.1963). The Social Security Administration is not duty bound to review every processed claim in light of subsequent amendments which grant further benefits. Cf. Thompson v. Richardson, 452 F.2d 911, 915 (2d Cir. 1971); 1 CCH Unempl.Ins.Rep. P 12,555 at 1309-10 (1976).
 
 
 7
 Appellant's other contentions have been examined closely and determined to be meritless.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable C. A. Muecke, United States District Judge, District of Arizona, sitting by designation
 
 
 [1]
 "(j) Application for monthly insurance benefits. (1) An individual who would have been entitled to a benefit under subsection (a), (b), (c), (d), (e), (f), (g), or (h) for any month after August 1950 had he filed application therefor prior to the end of such month shall be entitled to such benefit for such month if he files application therefor prior to the end of the twelfth month immediately succeeding such month."
 42 U.S.C. § 402(j)(1).
 
 
 [2]
 "(d) Child's insurance benefits. (1) Every child (as defined in section 416(e)) of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual, if such child
 (A) has filed application for child's insurance benefits,
 (B) at the time such application was filed was unmarried and (i) either had not attained the age of 18 or was a full-time student and had not attained the age of 22, or (ii) is under a disability (as defined in section 223(d)) of this title which began before he attained the age of 22, and
 (C) was dependent upon such individual
 shall be entitled to a child's insurance benefit . . . ." 42 U.S.C. § 402(d) (1).
 
 
 [3]
 Cf. Filice v. Celebrezze, 319 F.2d 443, 446 (9th Cir. 1963); Feil v. Gardner, 281 F.Supp. 983, 985 (E.D.Wis.1968), aff'd per curiam, 402 F.2d 481 (1968); Flamm v. Ribicoff, 203 F.Supp. 507, 510 (S.D.N.Y.1961)