**Marcia SHELATZ, Mother and Natural Guardian of Kim Newlun, and Kim Newlun, in her own right**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services.**

**Civ. A. No. 84–119 ERIE.**

United States District Court, W.D. Pennsylvania.

July 18, 1985.

R. Charles Thomas, Meadville, Pa., for plaintiff.

Judith Giltenboth, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This is an action under the Social Security Act for survivor's benefits. Plaintiffs are mother and daughter seeking benefits for the daughter for the period from May 1978 to September 1982. Kim Newlun was born January 5, 1965; her parents were divorced the following year. Mrs. Shelatz severed all ties with her former husband, Jerry Newlun, and ultimately remarried. Mr. Newlun died in May 1978. Three of his other dependents immediately applied for and received the maximum amount of survivor's benefits which could be claimed under his name.

Mrs. Shelatz did not know about his death until November 1982. She obviously thus did not know that others were receiving survivor's benefits on her former husband's account. Upon learning of Mr. Newlun's death, Mrs. Shelatz immediately filed for survivor's benefits on behalf of Kim Newlun. The Secretary found Ms. Newlun eligible for benefits from May 1982 which were payable in October 1982.[1]

Mrs. Shelatz now seeks to have her daughter declared retroactively eligible for survivor's benefits from the date of her father's death. She argues that it is inequitable to deny Ms. Newlun benefits simply because she did not know about her father's demise. She brought this question before an Administrative Law Judge in September 1983, who denied Ms. Newlun's eligibility for benefits prior to May 1982. The Secretary's decision became final when the Appeals Council affirmed the ALJ in February 1984. We now address the Secretary's motion for summary judgment.[2]

---

1. Eligibility for the six preceding months is permitted by the statute. *See,* 42 U.S.C. 402(j).

2. Plaintiffs' counsel filed no response to the Secretary's motion though he was granted the opportunity in our October 9, 1984 order.

Our standard of review in this case is established by 42 U.S.C. § 405(g): we must affirm the Secretary if her decision is supported by substantial evidence. But this is not a dispute about evidence, as are most appeals under Section 405(g). As plaintiffs' counsel argued at the hearing before the ALJ this dispute focuses on whether some exception can be found to the eligibility requirements for survivor's benefits under the Social Security Act. (Record at 25). Our narrow standard of review is therefore further limited by the deference we owe to the Secretary in clear cases of statutory and regulatory construction.

■ Our first reference, of course, is the survivor's insurance scheme of the Act itself. In defining eligibility for survivor's benefits, Congress has provided that "Every child (as defined in 42 U.S.C. § 416(e)) ... of an individual who dies a fully or currently insured individual if such child— (A) has filed application for child's insurance benefits, ... shall be entitled to a child's insurance benefit ...". 42 U.S.C. § 402(d)(1). We have left out the great majority of the statutory requirements, but the small portion quoted above is decisive in this case. Congress has made the filing of an application for benefits the first condition for eligibility. It is not a condition subject to waiver or modification. *See, Coy v. Folsom,* 228 F.2d 276 (3d Cir.1955); *Johnson v. United States,* 572 F.2d 697 (9th Cir.1978). Ms. Newlun appears to have been eligible for benefits anytime after May 1978; the statute, however, simply provides no substitute for the physical act of filing an application. No right to survivor's benefits may accrue at least until that moment. The Secretary decided this issue correctly.

■ In addition, the six month retroactivity to which Ms. Newlun *was* entitled is also limited by the statute. Section 402(j)(1) of Title 42 states:

Any benefit under this subchapter for a month prior to the month in which application is filed shall be reduced, to any extent that may be necessary, so that it will not render erroneous any

benefit which, before the filing of such application, the Secretary has certified for payment for such prior month.

Thus, this six month retroactivity applies unless it interferes with the payment of benefits already certified by the Secretary. Ms. Newlun's benefits were reduced to the extent necessary—to $0—for the period from May 1982 to October 1982 because the maximum amount of benefits had already been allocated to the deceased's three other dependents.

■ Finally, we consider the plaintiffs' counsel's suggestion at the ALJ hearing that Ms. Newlun should not be prejudiced by a condition over which she had no control—the absence of contact with her father through which she might learn of his death. Counsel superficially argued for the application of an analogous version of the discovery rule found in tort law. *See generally, O'Brien v. Eli Lilly Co.,* 668 F.2d 704, 705–06 (3d Cir.1981). Any analogy to a tort cause of action, however, is misleading. Tort remedies are intended to make a plaintiff whole for a personal injury he or she has suffered. The common law basis of tort law has allowed courts to fashion rules to help preserve remedies for those who have incurred provable losses. On the other hand, survivor's benefits are entirely a legislative creation. All the eligibility requirements are set by Congress and Congress has made the filing of an application the first step of eligibility. These benefits are akin to insurance proceeds; they do not compensate the beneficiary for a personal injury. While the outcome seems harsh in this case, it is balanced by the practical advantages to all beneficiaries in efficient administration of the survivor's insurance program. We find that the Secretary applied the correct standards in limiting Ms. Newlun's eligibility for survivor's benefits to May 1982, payable in October 1982.