John R. TUSSON

v.

Otis R. BOWEN, Secretary of Health & Human Services.

Civ. A. No. 86–4073.

United States District Court, E.D. Louisiana.

Dec. 28, 1987.

John R. Tusson, pro se.

Nancy A. Nungesser, Asst. U.S. Atty., New Orleans, La., for defendant.

## MEMORANDUM OPINION

MENTZ, District Judge.

Plaintiff, John R. Tusson, is before this Court *pro se.* He filed an application for disability benefits on December 6, 1982 alleging disability due to mental and physical problems. The application was denied initially and on reconsideration. At Tusson's request, a de novo hearing was held in 1984 before an Administrative Law Judge (ALJ). After considering the evidence, .the ALJ found that Tusson was disabled since 1977 and entitled to a period of disability. The Appeals Council vacated the hearing decision and remanded for rehearing because the ALJ failed to address the issue of retroactivity.

Rehearing was held on February 5, 1986 at which Tusson and his son testified. The ALJ found that "[t]he evidence of record and the testimony at the hearing demonstrates that claimant's mental impairment prevented him from filing an application from 1977 until the date of his filing in December 1982." The ALJ awarded Tusson a period of diability and disability benefits with a protective filing date of November 19, 1982, the date he first inquired about benefits. The ALJ also awarded Tusson retroactive benefits for twelve months prior to his protective filing date pursuant to 42 U.S.C. § 423(b).

Tusson sought administrative review by the Appeals Council complaining of the ALJ's decision to limit his retroactive benefits to the twelve months prior to his protective filing date. The Appeals Council concluded that there was no basis for changing the ALJ's decision and accordingly, the decision of the ALJ became the final decision of the Secretary, of which Tusson now seeks judicial review.

The parties submitted cross-motions for summary judgment to the Magistrate. Tusson argued that:

A person suffering from severe mental problems, which prevent him from making applications, should be given the opportunity of having his benefits begin at the same time that the disability began

so that he is given equal protection under law as provided others, who although disabled but not to the point that they are unable to file, are capable of making an application with the administration. The Magistrate recommended that the Court deny Tusson's motion for summary judgment and enter judgment in favor of the Secretary. Tusson timely filed objections to the Magistrate's Finding and Recommendation. The Court determined that oral argument was not necessary and took the matter under submission. The Government did not file a response. The Court has made a de novo review of the record and determined that summary judgment in favor of the Government is appropriate.

█ Retroactive benefits are limited by 42 U.S.C. § 423(b) to the twelve months prior to filing. That section reads in pertinent part as follows:

> An individual who would have been entitled to a disability insurance benefit for any month had he filed application therefor before the end of such month shall be entitled to such benefit for such month if such application is filed before the end of the twelfth month immediately succeeding such month.

Section 423(b) unambiguously limits retroactive benefits to the twelve months prior to filing an application.

█ Although Tusson has not specifically raised the issue of whether the statute violates the Due Process Clause of the Fifth Amendment, the Court, in reading Tusson's pro se complaint liberally, believes that the due process issue should be addressed. First, the Court must determine whether Tusson has a property interest entitled to constitutional protection under the Due Process Clause. While it is true that the Supreme Court has held that "the interest of an individual in *continued receipt* of these benefits is a statutorily created 'property interest' protected by the Fifth Amendment," *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (emphasis added), this Court is unaware of any case that has found a vested property interest in a claimant, such as Tusson, who did not timely file for and never received the benefits in question. *See Mitchell v. Harris*, 496 F.Supp. 230, 233–34 (D.N.J.1980) (strict application of twelve-month limit to claimant, who delayed filing application for eight years due to ignorance of the availability of such benefits, did not deprive claimant of a property interest). Tusson's "interest" in the retroactive benefits remains speculative and cannot be said to have accrued or vested.

█ Even assuming that Tusson's interest in retroactive benefits is cognizable under the Due Process Clause, the twelve-month limitation does not violate due process principles. The loss of retroactive benefits by an individual whose mental impairment prevents a timely application suggests unfairness, but a considered analysis reveals otherwise.

The issue of whether the twelve-month limit on retroactive benefits applies where the failure to file for benefits arises from mental impairment was recently addressed in *Yeiter v. Secretary of Health & Human Services*, 818 F.2d 8 (6th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 160, 98 L.Ed.2d 115. In *Yeiter*, the court found that 42 U.S.C. § 423(b) does not violate the Due Process Clause because some person acting in behalf of the mentally impaired person could have filed an application. An application for benefits can be filed not only by the claimant, but also by a guardian, a person responsible for the care of the claimant, or the manager or principle officer of an institution caring for the claimant. 20 C.F.R. § 404.612(c). The court assumed that "[a] person who is mentally incapacitated and totally unable to care for himself or herself will ordinarily be in the care of someone. That person responsible for the claimant's care will have a strong incentive to file for benefits." *Yeiter*, 818 F.2d at 10. *See also Sweeney v. Secretary of H.E.W.*, 379 F.Supp. 1098 (E.D.N.Y.1974) (twelve-month limit on retroactive benefits applied to a claimant, who alleged physical incapacity to timely file, but who could have asked someone to file on his behalf). Ordinarily, a mentally impaired person will have a caretaker of some kind but, of

course, that will not always be true. Indeed, in the case at bar, Tusson was not in the care of a guardian or some other person. He was capable of taking care of most of his needs, but relied on family members for special needs (a ninety year old aunt, a cousin, and his fifteen year old son were mentioned; Tusson was divorced in 1980). The record does not indicate that any of these family members were responsible for Tusson's care.

The fact that *some* mentally impaired persons cannot rely on others to file their application does not render the twelve-month limitation fundamentally unfair, arbitrary, or unreasonable.

'Whether wisdom or unwisdom resides in the scheme of benefits set forth in Title II, it is not for us to say. The answer to such inquiries must come from Congress, not the courts. Our concern here, as often, is with power, not with wisdom.' (Citation omitted). Particularly when we deal with a withholding of a noncontractual benefit under a social welfare program such as this, we must recognize that the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification.

*Flemming v. Nestor*, 363 U.S. 603, 610–611, 80 S.Ct. 1367, 1373, 4 L.Ed.2d 1435 (1960). "Congress faces an unusually difficult task in providing for the distribution of benefits under the Social Security Act." *Bowen v. Owens*, 476 U.S. 340, 106 S.Ct. 1881, 1885, 90 L.Ed.2d 316 (1986). In 1958, Congress provided for retroactive payments for a twelve-month period "[t]o avoid penalizing disabled workers who do not timely file applications for disability benefits." S.Rep. No. 2388, 85th Cong., 2d Sess. 4, *reprinted in* 1958 U.S.Code Cong. & Admin.News 4218, 4221–22. Thus, Congress decided to give claimants a year's grace to become aware of and file for benefits. Congress' decision that the grace period should terminate at twelve months is not so arbitrary or irrational as to violate due process.

With respect to Tusson's equal protection claim, a challenged statutory classification is presumed valid if it serves a rational means of furthering a legitimate legislative end. *Mathews v. de Castro*, 429 U.S. 181, 185, 97 S.Ct. 431, 434, 50 L.Ed.2d 389 (1976). The Court notes that the twelve-month limit applies evenhandedly to all claimants; mentally incompetent claimants are not treated differently from other claimants. The legislative purpose for not creating an exception for the mentally impaired is clear. Application of the twelve-month period to all claimants helps to preserve the fiscal integrity of the social security trust fund. *Yeiter*, 818 F.2d at 10; *Boyd v. Bowen*, 797 F.2d 624, 627 (8th Cir.1986); *Mitchell*, 496 F.Supp. at 235. Even if the volume of such claims as Tusson's were low enough to allay concerns for financial integrity, an ever-growing corpus of government funds would need to be set aside for late-filers to insure that ample funds would be available when claimed. The Court realizes that some mentally impaired people, who are entitled to disability benefits but who cannot file for themselves or rely on others to do so, may not receive benefits to which they would be entitled upon a timely filing. However, as the Supreme Court has recognized, legislation "does not offend the Constitution simply because [it] 'is not made with mathematical nicety or because in practice it results in some inequality.'" *Mathews*, 97 S.Ct. at 434 (quoting *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970)). Accordingly, this Court finds no violation of the Equal Protection Clause.

In view of the foregoing,

IT IS ORDERED that plaintiff's motion for summary judgment be DENIED, that defendant's motion for summary judgment be GRANTED, and that judgment be entered in favor of the defendant.