Marsha **LINQUIST**, Individually and on Behalf of Stephen Dale **LINQUIST**, Jr. and Roy Marshall Linquist, Plaintiffs,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. H–87–3035.**

United States District Court, S.D. Texas, Houston Division.

Aug. 29, 1988.

Mark T. Sokolow, Houston, Tex., for plaintiffs.

Jack Shepherd, Asst. U.S. Atty., Houston, Tex., Gayla Fuller, John Gough and Joseph B. Liken, Office of Gen. Counsel, Dept. of H.H.S., for defendant.

## ORDER

HITTNER, District Judge.

This action was commenced by Marsha Linquist, individually and on behalf of Stephen Dale Linquist, Jr., and Roy Marshall Linquist, ("Plaintiff") pursuant to section 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Secretary of the Department of Health and Human Services ("Secretary") that Plaintiff is not entitled to mother's insurance benefits on her behalf and child's insurance benefits on behalf of her two children prior to July, 1984. The parties have filed cross motions for summary judgment. Plaintiff contends that the final decision of the Appeals Council of the Social Security Administration is not supported by substantial evidence nor is it in accord with applicable law. Plaintiff asserts that erroneous statements made by a Social Security Administration employee estops the Secretary from denying retroactive benefits and that Plaintiff was excused from the statutory filing requirement due to her lack of mental capacity. Conversely, the Secretary maintains that, as a matter of law, the Secretary may deny retroactive benefits when an application is not filed and that mental incapacity does not excuse Plaintiff from complying with the filing requirement.

On January 21, 1985, Plaintiff filed an application for mother's insurance benefits and child's insurance benefits for her two children due to the death of her husband. The car of Plaintiff's husband was found in Dallas, Texas, with his blood-stained clothes in the trunk but his body has not been found. The Administrative Law Judge determined that Plaintiff's husband is presumed to have died on April 15, 1979, and that the benefits should be retroactive to August 9, 1979, as Plaintiff had attempted to file an application for benefits at that time but received erroneous advice from a Social Security Administration employee that absent a death certificate she could not file for benefits. The Administrative Law Judge further found that due to "claimant's distraught state and her lack of education, she did not file a written application until approximately December, 1984." Upon reconsideration, the Appeals Counsel determined that Plaintiff was only entitled to retroactive benefits to July, 1984, thereby limiting the retroactivity of the benefits to six months prior to the date that Plaintiff made application as provided in section 202(j) of the Social Security Act. *See* 42 U.S.C. § 402(j); 20 C.F.R. § 404.621(a)(1)(ii).

This Court must determine (1) whether the erroneous statement made by Defendant's employee estops Defendant from denying retroactive benefits and (2) whether Plaintiff's distraught state of mind and lack of education excuses her from filing an application for benefits.

A private individual asserting estoppel against the government has a very heavy burden to bear. *Jones v. Department of Health and Human Servs.*, 843 F.2d 851, 853 (5th Cir.1988). The United States Supreme Court has refused to estop the government from denying Social Security benefits to a person who was erroneously told by an employee of the Social Security Administration that she was not eligible for benefits and who, in reliance, did not

file the required application. *Schweiker v. Hansen*, 450 U.S. 785, 790, 101 S.Ct. 1468, 1471–72, 67 L.Ed.2d 685 (1981). The court held that "these errors 'fall short' of conduct which would raise a serious question whether petitioner is estopped from insisting upon compliance with the valid regulation." *Id.* at 790, 101 S.Ct. at 1472. Further, the court noted that Congress expressly provided that only one who has filed an application for benefits may receive them and that a court is not authorized to overlook a valid regulation. *Id.* The Social Security Act specifically provides that mother's and child's insurance benefits are available only to one who has filed an application, 42 U.S.C. §§ 402(g)(1)(D), 402(d)(1)(A), and that only signed applications satisfy the "filed application" requirement, 20 C.F.R. § 404.610. Thus, under the present law, the government is not estopped from barring Plaintiff's retroactive Social Security benefits.

■ The Court must next consider whether Plaintiff's distraught state of mind or her lack of education excuses her from fulfilling the requirement that application be filed with the Social Security Administration.

The Fifth Circuit has never addressed the issue of whether mental incapacity excuses one from the filing requirement. The Third Circuit has held that even though a decedent was mentally ill at the time he became eligible for old age benefits his executrix was not entitled to receive retroactive benefits as no application was filed. *Coy v. Folsom*, 228 F.2d 276, 278–79 (3d Cir.1955). The Ninth Circuit has held that filing is a substantive condition precedent to receiving benefits and that incapacity does not excuse the failure to file. *Johnson v. United States*, 572 F.2d 697, 698 (9th Cir.1978) (citing *Coy v. Folsom*, 228 F.2d 276, 278–79 (3d Cir.1955)). Further, a court-appointed representative or a person who is responsible for the care of the claimant may file an application on behalf of an incapacitated person. 20 C.F.R. § 404.612(c). Plaintiff fails to explain why a person responsible for the care of Plaintiff and her children did not file an application for benefits on Plaintiff's behalf due to her mental incapacity. Plaintiff is, therefore, not excused from compliance with the statutory requirement that an application be filed with the Social Security Administration to receive benefits.

As Plaintiff failed to comply with the condition precedent as established by statute, Plaintiff is not entitled to retroactive mother's insurance benefits or child's insurance benefits on behalf of her children prior to July, 1984.

Because the Secretary's decision is correct as a matter of law, it is

ORDERED that Plaintiff's motion for summary judgment be DENIED, and further

ORDERED that Defendant's motion for summary judgment be GRANTED.