Marie D. **SHEPHERD**, on Behalf of her children, Heather **SHEPHERD**, Patricia Shepherd, William Robert Shepherd, and Bret Charles Shepherd, Plaintiff,

v.

Shirley S. **CHATER**, Commissioner of Social Security, Defendant.

Civil No. 95C–220G.

United States District Court, D. Utah, Central Division.

May 28, 1996.

---

Dwight C. Packard, Richardson, Packard & Lambert, Salt Lake City, UT, for plaintiff.

Carlie Christensen, Asst. U.S. Atty., U.S. Attorneys Office, Utah, for defendant.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

J. THOMAS GREENE, District Judge.

The Commissioner of Social Security[1] granted disability insurance benefits to Steven D. Shepherd from January 29, 1980, until his death on November 13, 1991, and granted his children insurance benefits from March 1990. His wife, Marie D. Shepherd, acting on behalf of the children, contests that portion of the decision denying them benefits

---

1. Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were vested in the Commissioner of Social Security. § 106(b), Social Security Independence and Program Improvements Act of 1994, P.L. No. 103–296. The court therefore orders that Shirley S. Chater, Commissioner of Social Security, be substituted as the party defendant in this action. *See* § 106(d).

before March 1990. She filed a motion to reverse the administrative decision, and the Commissioner filed a motion for summary judgment.[2] For reasons discussed more fully below, the Commissioner's motion is granted.[3]

### I. Background

Mrs. Shepherd does not dispute any of the material facts set forth in the Commissioner's memorandum. (Memorandum in Opposition to Defendant's Motion for Summary Judgment at 1.) Briefly, those facts are as follows:

In August 1980, Mr. Shepherd applied for disability insurance benefits, alleging disability since November 1979 due to a "nervous breakdown" and a gunshot injury to his left leg (R. 40–43).[4] His application was denied in October 1980, at the initial level of administrative review, and was not pursued (R. 44–45).

In June 1981, Mr. Shepherd married the plaintiff (R. 93). He adopted her two sons by a previous marriage, William and Bret, on November 18, 1982 (R. 326–327). The couple also had two daughters: Heather, born on May 18, 1982; and Patricia, born on August 28, 1984 (R. 93).

Mr. Shepherd did not reapply for disability insurance benefits until March 1991 (R. 46–48). While his request for a hearing on the denial of those benefits was pending, he died of complications from his leg injury (R. 91–92, 225). Mrs. Shepherd was substituted as a party and pursued his disability claims (R. 226). After a remand by the Appeals Coun-

cil, an administrative law judge (ALJ) found good cause to re-open the 1980 application:

> [I]t is clear that [Mr. Shepherd] was psychiatrically distressed, had been hospitalized in a psychotic state, ... was under considerable psychiatric medication, and was laboring under a very serious anxiety-producing injury to the left leg.

(R. 305).[5] In a decision dated July 20, 1993, the ALJ awarded him benefits from January 29, 1980, until the date of his death (R. 300–306).

In the meantime, on December 5, 1991, Mrs. Shepherd filed an application for insurance benefits on behalf of their four children (R. 286). The children were awarded retroactive benefits from March 1990, but Mrs. Shepherd argues that they were entitled to more: the girls from the date of their births, and the boys from the date of their adoption by Mr. Shepherd.

### II. Discussion

#### A. Effective date of an application for child's insurance benefits

██ Under Title II of the Social Security Act, the child of an individual entitled to disability insurance benefits may receive child's insurance benefits. 42 U.S.C. § 402(d) (1995). The first requirement for entitlement to those benefits is the filing of an application. Section 402(d)(1)(A). The application must be in writing, on a form and in a manner that the administration prescribes. See 20 C.F.R. Part 404, Subpart G (1994).

The requirement to file a written application is not waivable:

---

**2.** The plaintiff is not seeking judicial review of the administrative record, but a ruling that certain federal statutes are unconstitutional as applied to her children. In these circumstances, a motion for summary judgment may be appropriate. See Olenhouse v. Commodity Credit Corp., 42 F.3d 1560, 1579–1580 (10th Cir.1994) (prohibiting the use of motions for summary judgment in typical administrative appeals).

**3.** The plaintiff filed a Request for Oral Argument on her motion, but she failed to show good cause for granting the request. Accordingly, both motions have been determined by the court on the basis of the parties' written memoranda. See D.Utah Civil R. 202(d).

**4.** "R." refers to pages of the certified transcript of the administrative record.

**5.** The ALJ was acting pursuant to Social Security Ruling 91–5p which provides:

> When a claimant presents evidence that mental incapacity prevented him or her from timely requesting review of an adverse determination ..., and the claimant had no one legally responsible for prosecuting the claim ... at the time of the prior administrative action, [the administration] will determine whether or not good cause exists for extending the time to request review.

Congress expressly provided in the Act that only one who "has filed application" may receive them ... A court is no more authorized to overlook the valid regulation requiring that applications be in writing than it is to overlook any other valid requirement for the receipt of benefits.

*Schweiker v. Hansen,* 450 U.S. 785, 790, 101 S.Ct. 1468, 1472, 67 L.Ed.2d 685 (1981).[6] Filing a written application is a "substantive condition" to receiving child's insurance benefits, even "when the applicant is a minor seeking retroactive benefits." *Johnson v. United States,* 572 F.2d 697, 698 (9th Cir. 1978).

■ Nevertheless, the effective date of a written application may be established before its actual filing by a "protective filing." A protective filing is made by taking such steps as calling the administration to inquire about children's insurance benefits or listing the child's name on the parent's disability application. *See* Program Operations Manual System § GN 00204.010A.4.a.

A written application for the Shepherd children was filed on December 5, 1991, but the administration found an earlier protective filing in March 1991, when Mr. Shepherd listed them on his second application for disability benefits.

### B.  Retroactive benefits

■ The effective date of an application is important because, generally, a claimant who is found eligible for insurance benefits is entitled to retroactive benefits for a period of up to twelve months preceding that date. 42 U.S.C. §§ 423(b) [disability insurance benefits] & 402(j)(1) [other insurance benefits] (1995). It is the effective date of the application, not the date on which a claimant is ultimately determined to be eligible, that triggers his entitlement to benefits under the Act. *Wright v. Califano,* 603 F.2d 666, 671 (7th Cir.1979), *cert. denied,* 447 U.S. 911, 100

S.Ct. 2999, 64 L.Ed.2d 862 (1980) (claim for husband's insurance benefits).

With the reopening of Mr. Shepherd's initial application, the effective date of his application was August 1980. Thus, he was entitled to retroactive benefits for up to twelve months before that date. The administration found that he was disabled by January 29, 1980, so he was awarded eight or nine months of retroactive benefits.

The children were not mentioned in Mr. Shepherd's initial application because they were not yet born or adopted by him. The effective date of their application was March 1991, so they were awarded benefits from March 1990.

### C.  Constitutionality of the statutory twelve-month limit on retroactive benefits

■ Relying primarily on *Young v. Bowen,* 858 F.2d 951 (4th Cir.1988), Mrs. Shepherd maintains that applying the twelve-month limit on retroactive benefits, violates her children's Fifth Amendment right to due process. She argues that there is something "arbitrary" and "fundamentally unfair" about the children's benefits being triggered by the effective date of their application, rather than the effective date of their father's (reopened) application (so that they would be entitled to retroactive benefits from the time they were born to him or adopted by him).

*Young* is clearly distinguishable. There, the Fourth Circuit found that the administration's refusal to reopen an earlier application for disability benefits violated due process where the claimant had been mentally incompetent and without counsel.[7] The court reopened the earlier application but then agreed that it was properly denied. *Id.* at 955–56. The constitutionality of the twelve-month limit on retroactive benefits was not at issue.

Here, the administration did reopen Mr. Shepherd's initial application, and he was

---

6.  On the other hand, the time periods for filing an application are waivable in certain circumstances. *E.g.,* 42 U.S.C. § 402(j)(5) (1995) (excusing a delay in filing an application when caused by misinformation from an employee of the administration).

7.  The administration can reopen an application whose denial was not appealed, because the requirement that an appeal be made timely is waivable. *See Mathews v. Eldridge,* 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976).

awarded retroactive benefits from the time his disability commenced. The children were not mentioned in his initial application, and their benefits, though based on his disability and earnings record, were limited to twelve months preceding the effective date of their own application.

The constitutionality of the twelve-month limit on retroactive disability insurance benefits was addressed by the Sixth Circuit in *Yeiter v. Secretary of Health & Human Servs.*, 818 F.2d 8 (6th Cir.), *cert. denied*, 484 U.S. 854, 108 S.Ct. 160, 98 L.Ed.2d 115 (1987) and by various district courts. *E.g., Tusson v. Bowen*, 675 F.Supp. 1032 (E.D.La. 1987), *aff'd*, 847 F.2d 284 (5th Cir.1988); *Mitchell v. Harris*, 496 F.Supp. 230 (D.N.J. 1980). These courts all upheld the provision.

In *Yeiter*, the claimant was mentally and functionally incapacitated from injuries she sustained in an automobile accident in 1972. Her husband, appointed her guardian in 1973, did not file an application for disability insurance benefits on her behalf until 1983. He argued that the twelve-month limit on retroactive benefits violated due process and equal protection, but the court found "nothing fundamentally unfair in conditioning benefits upon the filing of an application." 818 F.2d at 10. The court observed that often an application for benefits can be filed by a guardian or other appropriate person, if the claimant cannot do so herself. *Id.*

In *Tusson*, the court agreed that the twelve-month limit on retroactive benefits did not violate due process or equal protection, even where the claimant was mentally impaired and had no one to help him file an application. 675 F.Supp. at 1034–35. *And see Mitchell*, 496 F.Supp. at 233–34 (statutory limit was not patently arbitrary and served as a rational means to preserve the fiscal integrity of the social security fund).

A minor child has only an "expectation," not a "vested right" to receive child's insurance benefits, as the Tenth Circuit observed in *Stanton v. Weinberger*, 502 F.2d 315, 318 (10th Cir.1974). Thus, the denial of child's insurance benefits under an amendment to the Act did not violate due process. *Id.*

The statutory twelve-month limit on retroactive benefits applies generally to claims not only for child's insurance and disability insurance benefits, but for husband's insurance, wife's insurance, widow's insurance, and widower's insurance benefits. 42 U.S.C. §§ 402(j)(1) & 423(b). There is nothing arbitrary or fundamentally unfair in its application to the Shepherd children's claim.

For these reasons, the court agrees that due process was not violated here.

### D. Absence of equitable exceptions to the statutory twelve-month limit

For a child to receive benefits based on a parent's disability, the parent must first be found disabled. 42 U.S.C. § 402(d)(1). Mrs. Shepherd contends that "from the time that Mr. Shepherd became a father in 1982 until [the administration] corrected its mistake and found him disabled [in January 1992], it was impossible for his children to apply for benefits." (Plaintiff's Memorandum in Support of Motion to Reverse at 11–12).

However, nothing prevented Mr. Shepherd from filing a new application for benefits before 1991. By doing so, he might have been found disabled sooner. At least, he could have established an earlier protective filing date for his children, just as he did with his 1991 application.

Courts have uniformly refused to find equitable exceptions to the statutory limit on retroactive benefits. For example, in *Yeiter*, the court rejected an argument that the limit should not apply to a mentally incompetent claimant:

> Prior to 1958, there were no retroactive benefits. *When Congress amended the statute to allow such benefits, it limited them to twelve months.... Congress was aware that persons were losing benefits ... because they did not file timely applications.* Nonetheless, in unambiguous language, it chose to limit retroactivity to twelve months.

818 F.2d at 9–10 (emphasis added).

A claimant who was "physically unable" to apply for disability insurance benefits, argued that the statutory limit should not apply

to him, in *Sweeney v. Secretary of Health, Educ. & Welfare*, 379 F.Supp. 1098 (E.D.N.Y.1974). The court held that the ALJ's "straightforward application" of the twelve-month limit in § 423(b), "without regard to equitable considerations, was correct." *Id.* at 1100.

A guardian ad litem argued that the twelve-month limit in § 402(j)(1) should be waived for a minor whose application for child's insurance benefits was not filed until fifteen years after his adopted father's death. *Johnson v. United States*, 572 F.2d 697 (9th Cir.1978). (His mother had applied for benefits for herself shortly after her husband's death, but her son was not eligible for benefits until Congress amended the Act the following year.) The court disagreed:

> Incapacity does not excuse failure to file.... Though this conclusion may seem harsh, *we must follow the plain mandate of Congress when*, as here, *it is acting within its powers to prescribe conditions and limitations as a means of preserving the fiscal integrity of the [Social Security] fund.*

*Id.* at 699. Furthermore, the administration "was not duty bound to review" prior claims and inform claimants of their rights under subsequent developments in the law. *Id.*

Like many claimants, the Shepherds may not have been fully aware of these statutory provisions and administrative policies. But ignorance of the twelve-month limit does not prevent its application. *Mitchell*, 496 F.Supp. at 232–33 (strictly applying the statutory limit to a claimant who delayed filing an application for eight years due to ignorance of the availability of disability insurance benefits). Nor does "ignorance of applicable eligibility and procedural requirements" render their application a due process violation. *Boyd v. Bowen*, 797 F.2d 624, 628 (8th Cir.1986) (affirming the denial of an untimely application for surviving child's benefits).

### III. Order

IT IS THEREFORE ORDERED that the plaintiff's motion to reverse the administrative decision is denied, and the defendant's motion for summary judgment is granted.